11-5411-cr
United States v. Chambers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

Present:
      AMALYA L. KEARSE,
      ROBERT A. KATZMANN,
          *Circuit Judges*,
      JED S. RAKOFF,
          *District Judge.*[*]

---

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                           No. 11-5411-cr

PAUL ANTHONY CHAMBERS,

    *Defendant-Appellant*.

---

For Appellee:           Daniel B. Tehrani & Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:          James M. Branden, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York Jones, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Paul Anthony Chambers appeals from the district court's judgment of conviction entered on December 8, 2011, sentencing Chambers to one year and one day in prison and three years of supervised release for illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) & (b).  Chambers was born in Jamaica but, along with most of his family, moved to the United States illegally when he was 17 years old.  In 1990, he was convicted of possessing a firearm in connection with a drug offense.  He fathered a child in the United States with his future wife in the early 1990s, but, as a result of his 1990 conviction, he was ultimately deported to Jamaica in 1996.  Chambers began to fear for his safety while in Jamaica and, because his wife was having health problems, became worried about his family as well. Therefore, he illegally returned to the United States in March of 1997.  After his return, he held a number of steady jobs and was not arrested for any further crimes (other than the instant illegal reentry charge).  He has served his prison term and was deported to Jamaica during the pendency of this appeal.  We assume the parties' familiarity with the remaining facts, the procedural history of this case, and the issues on appeal.

2

Chambers challenges only the supervised release term, arguing solely that its imposition was substantively unreasonable.[1] We review the substantive reasonableness of a sentence imposed by a district court "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We will only "set aside a district court's substantive determination . . . in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis omitted) (internal quotation marks omitted). Essentially, our standard of review requires us to defer to the district court except in the "rare case" that the sentence would "damage the administration of justice." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Chambers argues that the factors outlined in 18 U.S.C. § 3583(c) of the Sentencing Guidelines—which guide a court's determination of whether to impose supervised release—do not support the imposition of supervised release in this case. He contends that his productive job history and lack of criminal activity following his return to the United States show that he has been completely rehabilitated and that there is no need to deter him from future criminal

---

[1] We requested supplemental briefing from the parties on a question related to the procedural reasonableness of the defendant's supervised release term—whether the district court committed procedural error when it failed to mention a new amendment to the Sentencing Guidelines concerning the circumstances under which supervised release should be imposed on defendants who are soon to be deported. *See* U.S.S.G. § 5D1.1(c). The defendant, however, not only failed to mention this argument in his original briefing to this court but explicitly disclaimed it by stating that "procedural reasonableness . . . is not at issue here." Appellant's Br. at 6. Under the circumstances, we conclude that the issue has been forfeited. *See JP Morgan Chase Bank v. Altos Hornos de Mexico*, 412 F.3d 418, 428 (2d Cir. 2005). The defendant has offered no justification that would support a decision to excuse the forfeiture, and, in fact, the defendant's counsel explained that the failure to raise the issue on appeal was a conscious choice. Therefore, we express no opinion concerning whether the district court satisfied its procedural obligations to apply the correct Guidelines.

3

conduct.[2]  However, Chambers ignores the possibility that the district court might need to deter him from future illegal reentry into the United States.  The record contains more than enough facts to support a conclusion that Chambers has particularly strong incentives to again return to this country illegally.  He has strong family ties in the United States.  His children and his partially disabled wife live here, and he returned the first time in large part to help them.  In fact, the court thought that his family was in "a particularly vulnerable situation."  App'x 63-64.  Additionally, Chambers previously expressed fear for his life in Jamaica after he was allegedly the target of multiple shootings. We cannot conclude that, given these circumstances, the imposition of supervised release was outside the broad "range of permissible decisions," *Cavera*, 550 F.3d at 189, or would "damage the administration of justice," *Rigas*, 583 F.3d at 123.

We have considered all of Chambers's contentions that are properly before us and have found them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Indeed, the district court recognized the defendant's significant progress by imposing a jail term well below the recommended Guidelines level.

4